

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

January 24, 1947

Honorable Farris Pirtle
County Auditor
Fannin County
Bonham, Texas

Opinion No. V-12

Re: Is Fannin County liable
to Fannin County Levee
Improvement District No.
1 for taxes which accrued
on county land after ac-
quisition and use by the
county as a poor farm?

Dear Sir:

You have requested an opinion from us as to wheth-
er or not Fannin County must pay taxes which have been as-
sessed against Fannin County property by Fannin County Levee
Improvement District No. 1. The taxes involved and allegedly
delinquent have been levied by the Improvement District sub-
sequent to the counties ownership and use of the land as a
poor farm.

In the very excellent brief which accompanied your
request, Mr. McRae, County Attorney for Fannin County, pro-
ceeded on the assumption that the property involved is being
used exclusively for the support and accommodation of the
poor. Our opinion will therefore necessarily be limited and
applicable only to the particular fact situation as stated.

The Legislature, pursuant to the powers granted it
in Section 59, Article 16 of the Constitution of this State,
has provided for the establishment of levee improvement dis-
tricts. Title 128, Ch. VI., R.C.S. Articles 7996 and 7998
set forth two plans for levying taxes in these districts:
the first based on assessed benefits; the second, on an ad
valorem basis. Both Articles proceed on the assumption that
the taxing powers of levee districts are limited powers.
Article 7996: ". . . decree assessing benefits . . . for all
purposes for which taxes may be levied by, for or on behalf
of such district, . . ." Article 7998: "In all levee im-
provement districts providing for the levy of taxes upon an
ad valorem basis, the taxable property shall be assessed,
etc. . . ." (Emphasis added)

The implied limitation expressed in "taxable prop-
erty" runs through various other Articles of Chapter 6. (See

Articles 8007-A, Sections 1 and 2; Article 8012; Article 8013).

There is, of course, a primary limitation on the State's power to tax which is imposed both by its own Constitution and by the Constitution of the United States. The many taxing bodies and units in the State are necessarily subject to this first limitation and to specific constitutional exemptions from taxation. Likewise, the Legislature under constitutional restrictions may declare additional exemptions.

The instant case is clearly within a specific Constitutional exemption. Article 11, Section 9 of the Constitution of the State of Texas reads as follows:

> "The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale, and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, mechanics or builders lien, or other liens now existing." (Emphasis added).

"This section appears to be self-operative and absolutely exempts from taxation the public property therein referred to . . ." A & M Consolidated Independent School District v. City of Bryan, Texas, 143 T 348 (Cited with approval City of Austin v. Sheppard, 190 S. W. 2d 486.)

In addition the case is one which is covered by Legislative exemption; for the Legislature, pursuant to Article 8, Section 2 of the Constitution (". . . but the Legislature may, by general laws, exempt from taxation public property used for public purposes . . .") enacted Article 7150 Section 6, and specifically declared "Poor Farms" exempt from taxation.

In view of our premise that the property is wholly devoted to public use it is unnecessary to consider the line of decisions that deal with whether or not specific cases meet the constitutional restriction of "public use".

We therefore answer your question in the negative.

## SUMMARY

In view of Article 11, Section 9, and Article 8, Section 2 of the Constitution of the State of Texas, and in view of Article 7150, Section 6, R.C.S., Fannin County is not liable to Fannin County Levee Improvement District No. 1 for taxes which accrued on county land after acquisition and use by the county as a poor farm.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Marietta Payne*
Mrs. Marietta Payne
Assistant

MP/mj

APPROVED OPINION COMMITTEE

BY B.W.B.
Chairman

APPROVED JAN 24, 1947

*Price Daniel*
ATTORNEY GENERAL